# JOSÉ FRANCISCO ESTEVES AND HIS WIFE, DOÑA ENDINA WOLCKERS DE ESTEVES, Complainants,

*v.*

# SUCRERIE CENTRAL COLOSO DE PUERTO RICO, Respt.

San Juan, Equity, No. 421.

1. An unliquidated demand growing out of a transaction concerning which a contract has been made between the parties can be set off against an action on the contract.
2. A contract will not be set aside as unconscionable unless it appears to be clearly so, nor if an adequate remedy exists at law.
3. Plaintiff in the law action sought to recover on the contract. Defendant's bill to enjoin the law action alleged that plaintiff was failing to make certain payments provided for by the contract, in order to coerce defendant into paying the account. A demurrer to the bill will be held in abeyance until the suit at law is disposed of.

Statement and Order filed March 14, 1907.

*Messrs. Sweet, Rossy, & Campillo,* for complainants.

*F. H. Dexter, Esq.,* for defendant.

RODEY, Judge, delivered the following opinion:

The court has examined the record in this case with considerable care and has also examined the very large number of

Esteves v. Sucrerie Central Coloso de Puerto Rico.

authorities cited by counsel for complainants in support of his argument for the bill and against the demurrer filed thereto. The bill is filed to cancel a contract entered into between the parties about two years ago, on the ground that it is unconscionable and oppressive, and for an injunction to restrain the prosecution of a suit at law growing out of the same matter, which is numbered 418 on the law calendar, and to cancel a mortgage existing on certain property of complainants in favor of respondent.

The court has examined the contract in question, and while it is apparently very favorable to the respondent here, and, to an extent, unjust, harsh, and oppressive against the complainants, we are not prepared to say at this time that it is so unconscionable or unilateral that it ought to be set aside, the mortgage that accompanies it canceled, and the suit at law enjoined.

The court is of opinion that the equities are largely with the complainants because of the contract in question; and is further of the opinion that, under § 111 of the Code of Civil Procedure of 1904, a claim for substantial damages which these complainants allege to have against the respondent, and which arises out of this same transaction because of the failure of respondent to receive and grind complainants' cane at the proper season, can be interposed as a counterclaim, even though unliquidated, in the suit at law between the parties, and therefore we have this day overruled the demurrer in that case.

It is alleged in the bill here that this respondent is refusing to proceed with the furnishing of moneys for the planting of complainants' cane crop, so as to coerce complainants into payment of an account sued for in said action at law, and for that reason the demurrer in this equity suit will be left in abeyance

for the time being until the suit at law has been disposed of, and if the question of their mutual claims for damages shall be settled in that suit, and the parties do not thereafter agree, the court reserves the right to take such further action towards the enforcement of the contract mentioned in this bill or its cancelation, as may be just thereafter. Proper orders will be entered in accordance herewith.